# Puzis *v.* Temko, Appellant.

*Bailment—Pledge—Evidence—Parol evidence—Fraud.*

In an action of trespass for the conversion of a stock of goods, where the defendant relies upon a bill of sale, absolute on its face, from the plaintiff to himself, and the plaintiff claims that the transaction was in fact a pledge to secure a debt, he may show that he subsequently gave to defendant a sum of money in consideration of extension of time, and that the defendant permitted him to keep the goods, and make sales therefrom, without an accounting. In such a case evidence of what took place at the time the bill of sale was executed is competent as bearing on the new agreement for the extension of time. It was not necessary for the trial judge to instruct the jury concerning the nature of the testimony necessary to establish fraud in the execution of the bill of sale, inasmuch as the subsequent agreement, if established, shows that the bill of sale was in fact a pledge, and so recognized by defendant.

Argued Feb. 26, 1907. Appeal, No. 3, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1904, No. 932, on verdict for plaintiff in case of George Puzis v. Max Temko and Ralph Schwartz. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for an alleged wrongful conversion of a stock of goods. Before HALSEY, J.

The court charged in part as follows :

As between Puzis and Schwartz this bill of sale is conclusive. It was executed by Puzis, it was acknowledged solemnly before the magistrate to be his act and deed, and an acknowledgment of delivery of the property is also contained in the paper. I say this paper standing alone, would be conclusive as between Puzis and Schwartz, of the conveyance of this personal property.

It went along for some time and I think about August 15, 1904, plaintiff went, he says, to the store of Mr. Schwartz and there had another conversation with him with reference to this bill of sale of this property, and at that time made payment to him of the sum of $5.00. [Was there a new contract with ref-

erence to this property entered into at that time between plaintiff and defendant? Did Puzis pay the $5.00, and, if he did, what did he pay it for? You must take his testimony with reference to this payment, also the testimony of Mr. Schwartz with reference to payments made subsequently to the execution of the bill of sale of August 6, 1904.

Was there a new relation entered into, in the nature of an agreement between these parties, and what was it, and what did it have reference to?] [1] It then passed along until August 30, 1904. On August 30, 1904, it is alleged on the part of the defendants, that Mr. Schwartz conveyed all his right, title and interest in this property to Max Temko; a paper duly executed and properly proven has been submitted to us and it has not been gainsaid, a solemn contract in writing between Temko and Schwartz, showing the transfer of this property. We are free to say to you there has been no testimony here going to show this paper was not duly executed and delivered and that it did not transfer all the right, title and interest of that property to Max Temko. On August 31, 1904, before noon, Max Temko went upon the premises with a horse or with horses and a wagon, and removed from the premises all the personal property, as he alleged, that was specified in the contract or in the bill of sale of August 6, 1904. [Did he have the right at that time to make that removal of that property? He had the right if there was not a subsequent contract to the one of August 6, 1904.] [2] He removed all the personal property that was designated in the schedule attached to the bill of sale of August 6, 1904. He had no right to remove any other property not designated in that bill of sale. He was specifically confined, in removing, if he had the right to remove at all, to only the property that was passed by the bill of sale from Puzis to Ralph Schwartz on August 6, 1904.

Verdict and judgment for plaintiff for $800. Defendants appealed.

*Errors assigned* were (1, 2) portions of charge as above, quoting them; and (3) "It being sought to impeach the effect of the bill of sale, by alleged misrepresentation of its contents and to supplement the same by a subsequent agreement for redemption of the goods depending upon the original agree-

ment not embraced in bill of sale, the court erred in failure to instruct the jury concerning the elements of fraud and the nature of the testimony required to establish it."

*John H. Bigelow*, with him *C. W. Kline*, for appellants, cited: Moorhead v. Scofield, 111 Pa. 584; Given v. Kelly, 85 Pa. 309 ; Morgan v. Negley, 14 P. L. J. 223 ; Cadbury v. Nolen, 5 Pa. 320 ; Richards v. Willard, 176 Pa. 181; Tietz v. Philadelphia Traction Co., 169 Pa. 516.

*S. S. Herring*, for appellee, cited: Parcell v. Grosser, 109 Pa. 617; Nye v. The Pittsburg Co., 2 Pa. Superior Ct. 384; Steel v. Loeb, 5 Pa. Superior Ct. 238 ; Stafford v. Stafford, 27 Pa. 144.

OPINION BY HENDERSON, J., April 15, 1907 :

That portion of charge of the trial judge set forth in the first and second assignments of error did the appellants no possible harm.   It was predicated of the plaintiff's allegation that he had a right of redemption of the goods described in the bill of sale and that ten days after the bill of sale was executed the defendant, Schwartz, extended the time for redeeming the goods to September first.   The plaintiff's allegation was that the transaction between him and Schwartz was the pledge of his goods for a loan of money to pay his rent; that he was to have the privilege of redeeming within ten days; that within the ten days he applied to Schwartz for an extension of the time and that in consideration of $5.00 by him then paid to Schwartz the latter agreed that the time for redeeming the goods should be extended until September first.   The bill of sale was absolute on its face and contained no reference to the right of redemption.   The jury was instructed that it conclusively passed the title of the property to Schwartz.   The appellants contend that the defense is an attempt to change the terms of the written contract by insufficient parol evidence. The case as presented by the plaintiff, however, sets up a new contract for a valuable consideration, made on August 15, under which the plaintiff had the right to pay back the money and redeem the goods.   Evidence of what took place at the time the bill of sale was executed was competent as bearing on the

agreement of August 15.  If, as the plaintiff claims, the transaction was a pledge, simply, that fact would throw light on what occurred on August 15, and would explain why Schwartz accepted the $5.00 and extended the time within which the plaintiff might pay him the money.  If the agreement was made, as claimed by Puzis, on August 15, Schwartz recognized the title to the goods to be in Puzis.  Puzis' testimony is corroborated by the fact that the goods were left in his possession from the time the money was obtained from Schwartz until Temko took them away, during which time Puzis added to the stock and sold therefrom, as he claims, without accounting to Schwartz.  It further appeared in the examination of the alderman who prepared the bill of sale, that Temko, who was attending to the business for Schwartz, told him it was the understanding that if the money was paid back within ten days the plaintiff was to have the goods ; that the money was to be paid to Schwartz, and that this part of the agreement was not put into the bill of sale because the alderman did not think it was necessary.  It further appeared that the plaintiff was prepared to pay to Schwartz the amount he had furnished on the goods.  There was evidence, therefore, from which the jury might find that Schwartz treated the transaction as a bailment, and that he agreed to extend the time for redeeming the property until September 1.  As Temko carried away the goods before that time and asserted an absolute title thereto, the plaintiff's right of action was complete if the facts were found in his favor.

Complaint is made in the third assignment that the court did not instruct the jury concerning the nature of the testimony necessary to establish fraud in the execution of an instrument in writing.  The view which the court took of the evidence rendered such instruction unnecessary.  The court submitted the question to the jury as to what took place on August 15 when it was claimed by the plaintiff a new agreement was made.  This agreement, if made, accorded with the plaintiff's understanding of the original contract, and, having been entered into after the delivery of the bill of sale, was binding on the parties.  No request was made for instructions on the subject of fraud in the execution of the bill of sale, nor do we consider it necessary that the trial judge should have so

charged as the case was submitted on the assertion of a new agreement.

The assignments are overruled and the judgment affirmed.